ROSENTHAL, MONHAIT, GROSS & GODDESS, P. A.
ATTORNEYS AT LAW
SUITE 1401, 919 MARKET STREET
P. O. BOX 1070
WILMINGTON, DELAWARE 19899-1070

JOSEPH A. ROSENTHAL
NORMAN M. MONHAIT
KEVIN GROSS
JEFFREY S. GODDESS
CARMELLA P. KEENER
EDWARD B. ROSENTHAL
JESSICA ZELDIN

TELEPHONE (302) 656-4433
FACSIMILE (302) 658-7567
E-MAIL RMGG@RMGGLAW.COM

June 28, 2005

**VIA HAND DELIVERY AND E-FILING**

The Honorable Sue L. Robinson
U.S. District Court for the
District of Delaware
844 N. King Street
Wilmington, DE 19801

    Re:   Smith v. Xybernaut Corporation, et al.
           D. Del. C.A. No. 05-0354 SLR

Dear Judge Robinson:

    I write on behalf of plaintiff Charles W. Smith to request that Your Honor approve the enclosed voluntary Stipulation and Order of Dismissal. Mr. Smith filed one of several putative securities class actions against Xybernaut Corporation ("Xybernaut") and certain current and former officers and directors of Xybernaut.

    In tendering the stipulation, I note that Federal Rule of Civil Procedure 23(e) could be read to require class-wide notice even for a pre-certification dismissal. See, e.g., Yaffee v. Detroit Steel Corp., 50 F.R.D. 481 (N.D.

Ill. 1970). The weight of recent authority – and the better policy – is that Rule 23(e) does not mandate notice for a pre-certification dismissal such as the one presented here. See, e.g., Schultzen v. Woodbury Central Community School Dist., 217 F.R.D. 469, 474 (N.D. Iowa 2003) ("in the context of a pre-certification, putative class action, courts have concluded that notice to putative class members of a pre-certification dismissal is not mandated by Rule 23(e)") (citations omitted).

Cases applying the majority rule apply have adopted a functional approach in deciding whether notice is required. They have concluded that "'[i]f there is no evidence of any collusion between the named plaintiffs and the defendants in seeking the dismissal and no evidence of any prejudice to absent class members, then . . . notice to the absent class members is not required.'" Id. (quoting Anderberg v. Masonite Corp., 176 F.R.D. 682, 689 (N.D. Ga. 1997)); accord Gunn v. World Onmi Fin. Corp., 184 F.R.D. 417 (M.D. Ala. 1999) ("if there is no evidence of any collusion between the named plaintiffs and the defendants in seeking the dismissal, and no evidence of any prejudice to absent class members, then notice to the class members is not required"); In re Triarc Co., Inc. Class and Derv. Litig., C.A. No. 98-31-SLR, 1998 WL 743673, at *4 n.7 (D. Del. Sept. 30, 1998) ("Because the policies of Rule 23(e) are not implicated, i.e., the dismissal will not result in any prejudice to the nonparty members of the plaintiff class, no notice is required"); see also Shelton v. Pargo, Inc., 582 F.2d 1298 (4th Cir. 1978); Gupta v. Penn Jersey Corp., 582 F. Supp. 1058, 1060 (E.D. Pa. 1984);

The Honorable Sue L. Robinson
June 22, 2005
Page 3

<u>Larkin Gen. Hospital Ltd. v. Am. Tel. and Tel. Co.</u>, 93 F.R.D. 497 (E.D. Pa. 1982); <u>Sheinberg v. Fluor Corp.</u>, 91 F.R.D. 74 (S.D.N.Y. 1981).

Here, this standard is easily met. Counsel for the parties have represented that plaintiff is receiving no consideration in connection with the dismissal. The underlying concern of Rule 23(e) – that notice prevents a putative class plaintiff's abuse of the class action mechanism – is served. <u>See</u> <u>Shelton</u>, 580 F.2d at 1304-06, 1309-10; <u>Larkin</u>, 93 F.R.D. 501-02; <u>Sheinberg</u>, 91 F.R.D. at 75.

Morever, there is no indication that potential class members would be prejudiced by the dismissal. As noted, several other Xybernaut shareholders have filed similar actions with similar class periods, which they are pursuing and which will not be effected by dismissal of this action. Accordingly, class members' claims will be preserved. <u>See, e.g.</u>, <u>Larkin</u>, 93 F.R.D. at 501-02 (finding no prejudice where there was an identical case pending in which plaintiffs sought to represent an identical class).

For all of the foregoing reasons, I respectfully request that the Court approve the proposed dismissal. If Your Honor does so, I should be grateful for a copy of the Order as signed. I will send it to the Multi-District Litigation Panel as the Clerk of that Court has requested. Of course, if Your Honor has any

The Honorable Sue L. Robinson
June 22, 2005
Page 4

questions, I will be available to respond.

                              Respectfully,

                              Jessica Zeldin
                              (Del. Bar No. 3558)

JZ/dnw
Enclosure

cc:    David Phillip Primack, Esquire (via e-filing w/enclosure)
        Laurence V. Cronin, Esquire (via e-filing w/enclosure)
        Michael A. Weidinger, Esquire (via e-filing w/enclosure)
        William E. Donnelly, Esquire (via fax w/enclosure)
        Robert Plotkin, Esquire (via fax w/enclosure)
        John M. Tran, Esquire (via fax w/enclosure)
        Michael F. Bonkowski, Esquire (via e-filing w/enclosure)
        Emily D. Harwood, Esquire (via fax w/enclosure)
        W. Todd Ver Weire, Esquire (via fax w/enclosure)
        Patrick A. Klingman, Esquire (via fax w/enclosure)
        Seth D. Rigrodsky, Esquire (via e-filing w/enclosure)
        Robert R. Davis, Esquire (via e-filing w/enclosure)
        J. Clayton Athey, Esquire (via e-filing w/enclosure)